# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**MELVIN COX**                                                                                              **PLAINTIFF**

**v.**                                        **Case No. 3:24-CV-00046-LPR**

**CHRISTOPHER JEFFERSON,** *et al.*                                          **DEFENDANTS**

## ORDER

Plaintiff Melvin Cox, in custody at the Greene County Detention Center, filed a *pro se* Complaint under 42 U.S.C. § 1983 against Jonesboro Police Officers Christopher Jefferson, Bailey, and Vamhouten.[1] On August 26, 2024, the Court granted Mr. Cox's application to proceed *in forma pauperis* and directed Mr. Cox to file an amended complaint in order to proceed past the screening required by the Prison Litigation Reform Act.[2] Mr. Cox has filed his Amended Complaint and the Court will continue screening his claims.[3]

**I.      Screening**

Before docketing a complaint, or as soon as practicable after docketing, the Court must review the complaint to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief.[4] Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations must be sufficient to raise the right to relief

---

[1] Compl. (Doc. 1).

[2] Order (Doc. 6).

[3] Am. Compl. (Doc. 9).

[4] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).

above a speculative level.[5]  A *pro se* complaint is construed liberally, but it must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.[6]

## II.     Mr. Cox's Claims

In his Amended Complaint, Mr. Cox sues Jonesboro Police Officers Christopher Jefferson, Bailey, and Vamhouten in their official capacities only.[7]  Mr. Cox says that, on January 24, 2024, he picked his children up from school in his car.[8]  Sometime after that, he pulled his car over when he saw Officer Vamhouten's blue lights flashing behind him.[9]  Mr. Cox consented when Officer Vamhouten asked to search Mr. Cox's car.[10]  The subsequent search of the car (conducted by Officers Bailey and Jefferson) turned up nothing.[11]

---

[5] *See* FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

[6] *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[7] Am. Compl. (Doc. 9) at 2. The Court of Appeals for the Eighth Circuit recently overruled earlier precedent establishing that if a complaint is silent about the capacity in which a plaintiff sues a defendant, the complaint should be interpreted as stating official capacity claims only. *S.A.A. v. Geisler*, 127 F.4th 1133, 1136 (8th Cir. 2025). There is no such ambiguity here. Mr. Cox clearly checked the "official capacity only" box and nothing more.

[8] Am. Compl. (Doc. 9) at 4.

[9] *Id*.

[10] *Id*.

[11] *Id*. Mr. Cox gave Officer Vamhouten consent to search Mr. Cox's car. Because Mr. Cox consented to the search, there appears to be no constitutional violation possible with respect to the car search. *United States v. Chaidez*, 906 F.2d 377, 380 (8th Cir. 1990) ("Even when police officers have neither probable cause nor a warrant, they may search an area if they obtain a voluntary consent from someone possessing adequate authority over the area."). Moreover, Mr. Cox had a search waiver on file. Mr. Cox had agreed to "submit [his] person, place of residence, motor vehicles, or other property to search and seizure at any time, day or night, with or without a search warrant, whenever requested by any law enforcement officer" as a condition of the suspended imposition of prior sentences. *See State v. Cox*, No. 34CR-20-184 (Jackson County Circuit Court) (Conditions of Suspended Imposition of Sentence), and *State v. Cox*, 34CR-20-182 (Jackson County Circuit Court) (Conditions of Suspended Imposition of Sentence). The Court "may take judicial notice of judicial opinions and public records . . . ." *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005); *see* FED. R. EVID. 201. If Mr. Cox had brought personal capacity claims, any claims concerning the search of his car would have failed as currently pled.

Officer Jefferson then asked Mr. Cox where he was going.[12] Mr. Cox explained that he was taking his children to their mother's apartment.[13] Mr. Cox also explained that he did not live there.[14] When Mr. Cox tried to call his parole officer to prove where he lived, Officer Jefferson took Mr. Cox's phone.[15] Officer Vamhouten was intent on searching the apartment to which Mr. Cox said he was driving; he handcuffed Mr. Cox and drove him to the apartment after Mr. Cox initially refused to go.[16] Officers were already searching the apartment when Officer Vamhouten and Mr. Cox arrived.[17] Mr. Cox protested the officers searching the residence without a warrant. Officer Jefferson told Mr. Cox: "I don't need a warrant, I do this all the time."[18] Then, at some point in the search, Officer Jefferson approached Mr. Cox with a gun and narcotics that Officer Jefferson said he'd found.[19] Officer Jefferson allegedly told Mr. Cox to claim the gun and narcotics or else the mother of Mr. Cox's children would be charged.[20]

Mr. Cox says his children are traumatized from being left in a car alone, where their mother eventually found them.[21] Mr. Cox (who has been in jail since January 24, 2024[22]) seeks damages

---

[12] *Id*.

[13] Am. Compl. (Doc. 9) at 4.

[14] *Id*.

[15] *Id*.

[16] *Id*.

[17] *Id*.

[18] *Id*. Mr. Cox insists that he did not live at the residence. If he was nothing more than a brief visitor, Mr. Cox has no reasonable expectation of privacy in the residence. *Rakas v. Illinois,* 439 U.S. 128 (1978); *Minnesota v. Carter*, 525 U.S. 83 (1998). Mr. Cox does not provide sufficient detail in his allegations for the Court to determine if he had any expectation of privacy in the residence. But, assuming Mr. Cox had such an expectation of privacy in the residence, he likely agreed to the search as a condition of the suspended imposition of prior sentences. *See State v. Cox*, No. 34CR-2020-184 (Jackson County Circuit Court) (Conditions of Suspended Imposition of Sentence), and *State v. Cox*, 34CR-20-182 (Jackson County Circuit Court) (Conditions of Suspended Imposition of Sentence).

[19] Am. Compl. (Doc. 9) at 4.

[20] *Id*.

[21] *Id*. Mr. Cox's allegation that his children spent time alone in a car until their mother found them does not, without more, indicate any constitutional violation.

[22] *Id*.

for stress, slander, false imprisonment, illegal search, pain and suffering, child endangerment and unlawful seizure.[23]

To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right.[24] The Defendants in this case are all Jonesboro Police Officers, and Mr. Cox sued Defendants in their official capacities only.[25] A suit against a police officer in his official capacity is essentially a suit against his employer.[26] Thus, by suing Defendants in their official capacities, Mr. Cox is essentially suing the City of Jonesboro. In order sue Jonesboro, Mr. Cox must identify an official policy or unofficial custom that caused or contributed to the constitutional violation.[27]

The Court explained all of this to Mr. Cox in its initial screening Order.[28] Despite the Court's explanation, Mr. Cox did not assert any personal capacity claims. He also did not identify an official policy or unofficial custom that caused his alleged harm in full or in part. The closest Mr. Cox comes to doing so is alleging that Officer Jefferson said he performs warrantless searches all the time. But even this allegation does not chin the bar—the allegation does not reflect that Officer Jefferson acted pursuant to a municipal policy or practice. Mr. Cox's claims fail as a result, and his Amended Complaint must be dismissed.[29]

---

[23] *Id*. at 5. Defamation and child endangerment are matters of state law. *See, e.g.*, *Suggs v. Stanley*, 324 F.3d 672, 679 (8th Cir. 2003); Ark. Code Ann. § 5-27-205. Because Mr. Cox's federal claims will be dismissed, the Court will not exercise jurisdiction over any state law claims. 28 U.S.C. § 1367.

[24] *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

[25] Am. Compl. (Doc. 9) at 1–2.

[26] *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

[27] *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978).

[28] Order (Doc. 6) at 3–4.

[29] On October 10, 2024, Mr. Cox was indicted in this Court for possession of a firearm and possession with intent to distribute fentanyl, cocaine, and methamphetamine, along with a charge of possessing a firearm in furtherance of a drug trafficking crime. *See United States v. Cox*, No. 3:24-cr-00031-DPM-1 (E.D. Ark.). Mr. Cox's federal charges stem from the weapon and drugs he says he was told to claim under duress in this case. The criminal case is set for trial on September 23, 2025. Further, because Mr. Cox was serving suspended sentences at the time of his arrest on

III.   **Conclusion**

Mr. Cox's claims are DISMISSED without prejudice. The Court recommends, in the future, that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 9th day of June 2025.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

January 24, 2024, the State of Arkansas has also moved to revoke his suspended sentences. *See State v. Cox*, 34CR-17-42 (Jackson County Circuit Court) (Petition to Revoke); *State v. Cox*, 34CR-20-184 (Jackson County Circuit Court) (Petition to Revoke); and *State v. Cox*, 34CR-20-182 (Jackson County Circuit Court) (Petition to Revoke). These cases are currently pending, and the Court takes judicial notice of these public records. *Stutzka*, 420 F.3d at 761 n.2; FED. R. EVID. 201. If Mr. Cox had brought personal capacity claims, a stay of this case until the criminal proceedings against Mr. Cox concluded may have been appropriate—at least as to Mr. Cox's allegations that he was wrongfully arrested and imprisoned. But Mr. Cox did not bring personal capacity claims, and thus there is no reason to consider a stay.

5